UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS MAYO, et al.,<br><br>       Plaintiffs,<br><br>   v.<br><br>SPECIALTY CONTRACTORS NORTHWEST LLC d/b/a PACIFIC BATH COMPANY,<br><br>       Defendant. | CASE NO. 22-CV-00640-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Defendant Specialty Contractors Northwest LLC removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), Dkt. No. 1 at 1, but has failed to sufficiently allege diversity jurisdiction. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577

ORDER TO SHOW CAUSE - 1

(1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction").

Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to apply, however, there must be complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction is absent. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts as to removability are thus resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, Specialty Contractors is a Limited Liability Company, which means it "is a citizen of every state of which its owners/members are citizens" for diversity purposes. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Specialty Contractors identifies Renuity, LLC as its "sole member." Dkt. No. 1 at 2. Renuity likewise is made up of a single member LLC: Titan Home Improvement, LLC. *Id.* Specialty Contractors avers that "Titan Home Improvement's members consist of several individuals who hold a share of membership and an investor corporate entity." *Id.* But as to those members' citizenship(s), Specialty Contractors alleges only that, "[u]pon information and belief, none of [the] individual members are citizens of the State of Washington." *Id.* This is insufficient. *See Kanter v. Warner-Lambert*

ORDER TO SHOW CAUSE - 2

*Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *see also* Fed. R. Civ. P. 7.1 & Advisory Committee notes to 2002 and 2022 amendments (requiring parties in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party," and noting that such information is crucial not only to "facilitate an early and accurate determination of jurisdiction," but also to "support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c)."); LCR 7.1 (nongovernmental parties must disclose "any member or owner in a[n] . . . LLC").

Specialty Contractors is accordingly ORDERED to show cause why this case should not be remanded for lack of subject matter jurisdiction. It must file a response to this Order no later than February 2, 2023, naming—and identifying the citizenship of—every individual or entity whose citizenship is attributed to it. Failure to do so will result in remand.

Dated this 19th day of January, 2023.

Lauren King
United States District Judge